T.C. Memo. 1998-156

UNITED STATES TAX COURT

THOMAS C. OBERLE AND MARGARET COLBERT OBERLE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5390-97.                    Filed April 30, 1998.

<u>Kirk A. Pinkerton</u> and <u>Stuart J. Friedman</u>, for petitioners.

<u>Lauren Gore</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  Respondent determined deficiencies in
petitioners' Federal income taxes of $8,532.67 for 1993 and
$14,038 for 1994.  All section references are to the Internal
Revenue Code in effect for the years in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether petitioners are entitled to deduct losses attributable to their yacht chartering activity. We hold that they are not so entitled.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  At the time petitioners filed their petition, they resided in Beverly Shores, Indiana.

During the years in issue, Mr. Oberle was a stockbroker for Dean Witter Reynolds, Inc., and Ms. Oberle was a real estate broker for Price Realtors, Inc.  On or about September 11, 1993, petitioners purchased a 38-foot yacht for $143,000, entered into a 7-year Charter Brokerage Agreement (agreement) with Michigan City Sailboat Charters, Inc. (broker), and docked the yacht in one of the broker's slips at Michigan City, Indiana.

The agreement provides that the broker is responsible for the following duties:  (1) Showing the yacht to prospective charterers; (2) signing any and all documents pertaining to the charter of the yacht; (3) collecting fees from charterers; (4) making mechanical repairs of items damaged during a charter; (5) meeting the charterers at the yacht; (5) reviewing yacht equipment and operations; (6) taking charterers on orientation cruises; (7) cleaning the yacht on completion of the charter; and (8) taking all necessary steps to charter the yacht.  In exchange for these services, the broker received a commission of 50

percent of charter revenues. The agreement further provides that petitioners (1) are required to maintain the yacht in good condition and (2) have the right to operate the yacht for personal use, provided such use does not conflict with the yacht's charters.

At the end of October 1993, petitioners removed the yacht from the water and placed it in storage for the winter at Benton Harbor, Michigan. From September 11 through December 20, 1993, petitioners worked on the yacht for a total of approximately 53 hours. Most of this time was spent traveling to the storage facility where they cleaned and winterized the yacht. The yacht was not chartered in 1993.

On April 23, 1994, petitioners sailed the yacht to Michigan City. During 1994, the yacht was chartered 45 days, and petitioners received gross receipts of $5,152. Petitioners occasionally used the yacht for personal enjoyment. On October 22, 1994, petitioners removed the yacht from the water and placed it in storage for the winter. During 1994, petitioners worked on the yacht for a total of 194 hours, but only 89 hours of such work was performed while the yacht was docked at Michigan City. Petitioners spent most of this time performing routine inspections and maintenance of the yacht. From 1993 through 1996 petitioners did not make a profit from their chartering activity. On their returns, petitioners claimed net losses of $21,858 for

1993 and $35,830 for 1994 relating to their chartering activity. Respondent disallowed the claimed deductions because petitioners were not engaged in the activity for profit and did not materially participate in the activity.

OPINION

Even if petitioners carried on their chartering activity for profit, their deductions for this activity shall not be allowed because they did not materially participate in such activity. Section 469 disallows the deduction of net losses from any activity in which the taxpayer does not materially participate. Sec. 469(c). An individual materially participates in an activity when involved in the operations of the activity on a regular, continuous, and substantial basis. Sec. 469(h)(1). Temporary regulations provide, in relevant part, that an individual shall be treated as materially participating if the individual meets any of the following tests:

> (2) The individual's participation in the activity for the taxable year constitutes substantially all of the participation in such activity of all individuals (including individuals who are not owners of interests in the activity) for such year;
>
> (3) The individual participates in the activity for more than 100 hours during the taxable year, and such individual's participation in the activity * * * is not less than the participation * * * of any other individual (including individuals who are not owners of interests in the activity) for such year;
>
> *     *     *     *     *     *     *

(7) Based on all of the facts and circumstances
* * *, the individual participates in the activity on a
regular, continuous, and substantial basis during such
year. [Sec. 1.469-5T(a)(2), (3), and (7), Temporary
Income Tax Regs., 53 Fed. Reg. 5725-5726 (Feb. 25
1988)].

To meet the material participation test under paragraph (a)(7),

an individual must participate in the activity for more than 100

hours. Sec. 1.469-5T(b)(2)(iii), Temporary Income Tax Regs., 53

Fed. Reg. 5726 (Feb. 25, 1988).

Petitioners have failed to establish that they materially

participated in the charter activity. Petitioners entered into

an agreement with the broker that gave the broker all day-to-day

management responsibilities, including taking all necessary steps

to charter the yacht. Petitioners failed to devote 100 hours to

their activity in 1993 and while petitioners devoted 194 hours to

their activity in 1994, only 84 of such hours relate to the

period when the yacht was available for charters. Assuming

arguendo that petitioners did devote more than 100 hours to their

activity in 1994, they have not established that such

participation was greater than the broker's participation. In

essence, petitioners' participation was limited to routine

maintenance of the yacht and was not substantial. Therefore, we

conclude that petitioners did not materially participate in their

chartering activity. Cf. Chapin v. Commissioner, T.C. Memo.

1996-56; Goshorn v. Commissioner, T.C. Memo. 1993-578.

Accordingly, we hold that they are not entitled to the claimed deductions.

All other contentions raised by the parties are either irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.